## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE  DIVISION

**PATRICIA McGRIFF,**

      **Plaintiff,**

**vs.**

                            **4:08cv438-SPM/WCS**

**MICHAEL J. ASTRUE,**
**Commissioner, Social**
**Security Administration,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

The Defendant has moved for reversal of the decision of the Commissioner,
entry of judgment pursuant to sentence four of 42 U.S.C. § 405(g), and remand of this
cause to the Commissioner.  Doc. 15.

Plaintiff does not oppose a sentence four remand, but argues that the case
should be remanded to another Administrative Law Judge.  Doc. 17.  Plaintiff notes that
the remand is to reconsider whether Plaintiff's migraine headaches meet or equal
Listing 11.03.  _Id._  Plaintiff contends that since the ALJ has once ruled against her on
this issue, a new ALJ should consider the question.

The argument is not persuasive.  Administrative law judges are presumed to be unbiased until a specific conflict of interest or disqualification is shown.  Johnson v. U.S. Department of Agriculture, 734 F.2d 774, 783 (11th Cir. 1984), *citing*, Schweiker v. McClure, 456 U.S. 188, 195, 102 S.Ct. 1665, 1669, 72 L.Ed.2d 1 (1982).  An adverse ruling is not a conflict of interest or a basis for disqualification.  *Cf.,* United States v. Sims, 845 F.2d 1564, 1570 (11th Cir.), *cert. denied*, 488 U.S. 957 (1988); Byrne v. Nezhat, 261 F.3d 1075, 1102 (11th Cir. 2001).  Plaintiff has not shown a sufficient reason to order that this case be heard by a different ALJ.  It is presumed that the ALJ will conduct a fair hearing on remand, and permit Plaintiff to present any additional evidence needed on the issues.

Plaintiff also notes that remand is sought so that the Appeals Council may seek additional evidence from a medical expert as to the question of commencement of disability benefits one day after the ALJ's decision based upon impairment due to coronary artery disease.  Plaintiff asks permission to cross examine the author of such evidence.  I see no problem arising with this.  It may be that the Appeals Council itself will seek this additional evidence, but the case is to be remanded to an ALJ.  The ALJ, not the Appeals Council, should consider this new evidence in the first instance, and Plaintiff will be permitted to challenge the evidence in any way that Plaintiff deems suitable, whether by deposition of the author of the evidence, by calling the author of the evidence as a witness, or by presenting rebuttal evidence.

A sentence four remand is discretionary, but requires that the court enter "a judgment affirming, modifying, or reversing the decision of the Commissioner."  The

proper option in this case is to reverse the Commissioner's decision and remand.

Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

Accordingly, it is **RECOMMENDED** that the court **GRANT** Defendant's motion for

entry of judgment and remand, doc. 15, **DIRECT** the Clerk to enter final judgment

**REVERSING** the Commissioner's decision to deny benefits, and **REMAND** the

application to the Commissioner for rehearing pursuant to sentence four of 42 U.S.C. §

405(g) for the purposes stated in the motion and consistent with this report and

recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on June 4, 2009.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**